# EXHIBIT 1

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT
CIVIL ACTION NO.: 2085CV00072

)
JOYCE C. MARQUES, and )
LEONARDO M. AMARAL )
)
*Plaintiff* )
)
v. )
)
K SAN TRUCKING, LLC, and )
ABDIKARIM A. MOHAMED )
)
*Defendants* )
)

RECEIVED

JAN 17 2020

CLERK OF COURTS
WORCESTER COUNTY

### COMPLAINT and JURY TRIAL DEMAND

Plaintiff in the above-captioned matter hereby provides the complaint pursuant to Mass.R.Civ.P. 15(a).

### PARTIES

1. The Plaintiff, Joyce C. Marques ("Joyce"), is an individual currently residing at 42 Palisades Street, Worcester, Worcester County, Massachusetts, together with her husband Leonardo M. Amaral. The Plaintiff Joyce is a house cleaner.

2. The Plaintiff, Leonardo M. Amaral ("Leonardo"), is an currently residing at 42 Palisades Street, Worcester, Worcester County, Massachusetts, together with his wife Joyce C. Marques. The Plaintiff Leonardo is a construction worker.

3. The Defendant, K San Trucking, LLC ("K San Trucking") is on information and belief is an Ohio Corporation, which has a principal place of business at 3314 Morse Road, Suite 207, Columbus, Ohio.

1

Exhibit 1

4.  The Defendant, Abdikarim A. Mohamed, is an individual who is on information

    and belief resides at 3260 Valley Ln S, Columbus, Ohio.


## COUNT I

### Negligence

(Joyce C. Marques v. K San Trucking, LLC)

5.  The Plaintiffs re-alleges and re-affirms the preceding paragraphs of this

    Complaint and incorporates same herein.

6.  At all relevant times including February 6, 2017, Plaintiff Joyce C. Marques was

    the owner/operator of an automobile, a 2005 Nissan minivan, traveling in the right

    lane on Route 290 West, a public way, through the city of Worcester,

    Massachusetts, approximately ¼ mile West of the exit 21 in slow afternoon traffic

    at or about 1:00 PM.

7.  At all relevant times including February 6, 2017, Defendant K San Trucking,

    LLC, was the owner of the motor vehicle, a 10,000 lbs, 53 feet tractor-trailer

    carrying refrigerated goods, operated by its employee Abdikarim A. Mohamed on

    Route 290, Worcester, Massachusetts. The Defendant K San Trucking, LLC's

    tractor-trailer was being operated in an unsafe manner when it slammed into the

    Plaintiff's vehicle's rear-end. The initial impact of this collision caused the

    Plaintiff to be thrown to the rear section of her vehicle as the entire tractor-

    trailer's cabin got unhinged collapsing on the top of the Plaintiff's vehicle's rear

    section crushing it down and totaling it as the result. After the collision, the

2

Exhibit 1

operator of the K San Trucking, LLC's tractor-trailer, Abdikarim A. Mohamed, was issued Citation R8245687 for failure to maintain control of his vehicle.

8.  The Defendants K San Trucking, LLC and Abdikarim A. Mohamed owed a duty of care to Plaintiff under the circumstances then existing to ensure the tuck-trailer owned by K San Trucking, LLC was being operated in a safe and careful manner.

9.  The Defendants K San Trucking, LLC and Abdikarim A. Mohamed did breach said duty of care to Plaintiff by allowing its vehicle to be operated in a negligent and careless manner.

10. As a direct and proximate cause of the negligent and careless actions of the Defendants K San Trucking, LLC and Abdikarim A. Mohamed, the Plaintiff Joyce C. Marques has been caused to suffer, and continues to suffer severe and permanent injuries including but not limited to, lumbar facet arthropathy, cervical radiculopathy, cervical thoracic scoliosis, cervical facet arthropathy, hypertropic arthropathy, tinnitus of the left year and loss of hearing, and vertigo, requiring extensive medical care. The Plaintiff Joyce C. Marques has suffered great pain of body and mind, and has been cased to incur substantial medical expenses for her care, loss of earning capacity, loss of enjoyment of many significant aspects of living, among other damages, and other medical and psychological damages not yet completely known. These loses are continuing in nature and Plaintiff will continue to suffer from said losses in the future. She does not enjoy life as she did prior to the occurrence.

Exhibit 1

## COUNT II

### Negligence

(Joyce C. Marques v. Abdikarim A. Mohamed)

11. The Plaintiffs re-alleges and re-affirms the preceding paragraphs of this Complaint and incorporates same herein.

12. At all relevant times including February 6, 2017, Plaintiff Joyce C. Marques was the owner/operator of an automobile, a 2005 Nissan minivan, which was traveling in the right lane on Route 290 West, a public way, through the city of Worcester, Massachusetts, approximately ¼ mile West of the exit 21 in slow afternoon traffic at or about 1:00 PM.

13. At all relevant times including February 6, 2017, Defendant K San Trucking, LLC, was the owner of the motor vehicle, a 10,000 lbs, 53 feet long tractor-trailer carrying refrigerated goods, operated by its employee Abdikarim A. Mohamed on Route 290, Worcester, Massachusetts. The Defendant K San Trucking, LLC's tractor-trailer was being operated in an unsafe manner when it slammed into the rear-end of Plaintiff's vehicle. The collision's initial impact caused the Plaintiff to be thrown to the back of her vehicle and the entire tractor-trailer's cabin get unhinged collapsing on the top of the Plaintiff's vehicle's rear section crushing it down and totaling it as the result. After the collision, the operator of the K San Trucking, LLC's tractor-trailer, Abdikarim A. Mohamed, was issued Citation R8245687 for failure to maintain control of his vehicle.

4

Exhibit 1

14. The Defendants K San Trucking, LLC and Abdikarim A. Mohamed owed a duty of care to Plaintiff under the circumstances then existing to ensure the tuck-trailer owned by K San Trucking, LLC was being operated in a safe and careful manner.

15. The Defendants K San Trucking, LLC and Abdikarim A. Mohamed did breach said duty of care to Plaintiff by allowing its vehicle to be operated in a negligent and careless manner.

16. As a direct and proximate cause of the negligent and careless actions of the Defendants K San Trucking, LLC and Abdikarim A. Mohamed, the Plaintiff Joyce C. Marques has been caused to suffer, and continues to suffer severe and permanent injuries including but not limited to, lumbar facet arthropathy, cervical radiculopathy, cervical thoracic scoliosis, cervical facet arthropathy, hypertrophic arthropathy, and tinnitus of the left year and loss of hearing, requiring extensive medical care. The Plaintiff Joyce C. Marques has suffered great pain of body and mind, and has been cased to incur substantial medical expenses for her care, loss of earning capacity, loss of enjoyment of many significant aspects of living, among other damages, and other medical and psychological damages not yet completely known. These loses are continuing in nature and Plaintiff will continue to suffer from said losses in the future. She does not enjoy life as she did prior to the occurrence.

## COUNT III

### Negligent Emotional Distress

(Joyce C. Marques v. K San Trucking, LLC)

Exhibit 1

17. The Plaintiffs re-alleges and re-affirms the preceding paragraphs of this Complaint and incorporates same herein.

18. The Defendant K San Trucking, LLC owed a duty of care to Plaintiff under the circumstances then existing to pay due attention to operation of his vehicle and the road's traffic conditions.

19. The Defendant K San Trucking, LLC breached its duty of care to Plaintiff by not paying due attention to operation of his vehicle and the road's traffic conditions.

20. As a direct and proximate result of the Defendant's actions Plaintiff suffered mental anguish, anxiety, fright, loss of sleep, and emotional turmoil all as a consequence of Defendant's actions.

21. The Defendant knew or should have known of the danger that as the result of Defendant's actions Plaintiff would suffer from emotional distress.

22. A reasonable person would have suffered emotional distress under the above circumstances.

23. As a direct and proximate result of the Defendant's careless actions Plaintiff suffered injuries and damages set forth in Paragraph 9.

## COUNT IV

### Negligent Emotional Distress

(Joyce C. Marques v. Abdikarim A. Mohamed)

24. The Plaintiffs re-alleges and re-affirms the preceding paragraphs of this Complaint and incorporates same herein.

Exhibit 1

25. The Defendant Abdikarim A. Mohamed owed a duty of care to Plaintiff under the circumstances then existing to pay due attention to operation of his vehicle and the road's traffic conditions.

26. The Defendant Abdikarim A. Mohamed breached its duty of care to Plaintiff by not paying due attention to operation of his vehicle and the road's traffic conditions.

27. As a direct and proximate result of the Defendant's actions Plaintiff suffered mental anguish, anxiety, fright, loss of sleep, and emotional turmoil all as a consequence of Defendant's actions.

28. The Defendant knew or should have known of the danger that as the result of Defendant's actions Plaintiff would suffer from emotional distress.

29. A reasonable person would have suffered emotional distress under the above circumstances.

30. As a direct and proximate result of the Defendant's careless actions Plaintiff suffered injuries and damages set forth in Paragraph 9.

## COUNT V

### Loss of Consortium

(Leonardo M. Amaral v. K San Trucking, LLC)

31. The Plaintiffs re-alleges and re-affirms the preceding paragraphs of this Complaint and incorporates same herein.

32. That as the result of the of the negligence of the Defendant, K San Trucking, LLC, the Plaintiff, Leonardo M. Amaral, as Husband of Joyce C. Marques, suffered a loss of society and companionship with wife.

Exhibit 1

## COUNT VI

### Loss of Consortium

(Leonardo M. Amaral v. Abdikarim A. Mohamed)

33. The Plaintiffs re-alleges and re-affirms the preceding paragraphs of this

Complaint and incorporates same herein.

34. That as the result of the of the negligence of the Defendant, Abdikarim A.

Mohamed, LLC, the Plaintiff, Leonardo M. Amaral, as Husband of Joyce C.

Marques, suffered a loss of society and companionship with wife.

Plaintiffs reserve their right to file additional counts.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff Joyce C. Marques requests judgment against the

Defendants on all the counts herein and all such other and further relief as the Honorable

Court deems just and proper.

### JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE

Respectfully Submitted,
Plaintiffs Joyce C. Marques & Leonardo M. Amaral
By their Counsel

Eugene Lumelsky, Esquire
153 Worthington Avenue
Shrewsbury, MA 01545
(508) 798-5757 – Telephone
(508) 753-5063 – Facsimile
BBO No. 658375

Date: January 17, 2020

8

Exhibit 1

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court | Massachusetts Court System eFile |
|---|---|---|---|

| | |
|---|---|
| **PLAINTIFF(S):** JOYCE C. MARQUES & LEONARDO M. AMARAL | **COUNTY** Worcester |
| **ADDRESS:** 42 Palisades Street, Worcester, MA 01604 | |
| | **DEFENDANT(S):** K SAN TRUCKING, LLC |
| | ABDIKARIM A. MOHAMED |
| **ATTORNEY:** Eugene Lumelsky | |
| **ADDRESS:** 153 Worthington Avenue, Shrewsbury, MA 01545 | **ADDRESS:** 3314 Morse Road, Suite 207, Columbus, Ohio |
| | 3260 Valley Ln S, Columbus, Ohio |
| **BBO:** 658375 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence - PI/Property Damage | F | ☒ YES ☐ NO |

*If "Other" please describe: _____

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .......................................................................................................... $ _____
   2. Total doctor expenses ............................................................................................................ $ _____
   3. Total chiropractic expenses .................................................................................................... $ _____
   4. Total physical therapy expenses ............................................................................................ $ _____
   5. Total other expenses (describe below) ................................................................................... $ _____
                                                Subtotal (A): $ 31,748.00

B. Documented lost wages and compensation to date ................................................................... $ 75,000.00
C. Documented property damages to dated .................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses .................................................. $ _____
E. Reasonably anticipated lost wages ........................................................................................... $ _____
F. Other documented items of damages (describe below) .............................................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiffs alleges the Defendant failed to observe traffic which led to collision causing Plaintiff's injuries, lost wages, and pain and suffering.

                                      TOTAL (A-F):$ 106,748.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                        TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _____  Date: Jan 17, 2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: Jan 17, 2020

Exhibit 1

| Summons | CIVIL DOCKET NO.<br>2085CV00072 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br><br>JOYCE C. MARQUES, AND<br>LEONARDO M. AMARAL<br><br>Plaintiff(s)<br><br>VS.<br><br>K SUN TRUCKING LLC, AND<br>ABDIKARIM A. MOHAMED<br><br>Defendant(s) | Clerk of Courts<br>County<br><br>COURT NAME & ADDRESS:<br>WORCESTER SUPERIOR<br>COURT<br>225 MAIN STREET<br>WORCESTER, MA 01608 |
|---|---|

THIS SUMMONS IS DIRECTED TO **K SUN TRUCKING LLC** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court
   (address), by mail or in person **AND**

   b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

Exhibit 1

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. ___Judith Fabricant___ Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____      Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 1/2019

Exhibit 1

| Summons | CIVIL DOCKET NO. 2085CV00072 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: JOYCE C. MARQUES, AND LEONARDO M. AMARAL   Plaintiff(s) VS. K SUN TRUCKING LLC, AND ABDIKARIM A. MOHAMED   Defendant(s) | Clerk of Courts County |
|---|---|
| | COURT NAME & ADDRESS: WORCESTER SUPERIOR COURT 225 MAIN STREET WORCESTER, MA 01608 |

THIS SUMMONS IS DIRECTED TO <u>ABDIKARIM A. MOHAMED</u> (Defendant's name)

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court

                (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

Exhibit 1

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

## 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

## 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _____ Judith Fabricant _____ Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date: _____

rev. 1/2019

Exhibit 1

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2085CV00072 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Marques, Joyce C. et al vs. K San Trucking, LLC et al | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO: Eugene Lumelsky, Esq. Law Offices of Eugene Lumelsky 153 Worthington Ave Shrewsbury, MA 01545 | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION — DEADLINE

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/16/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 05/18/2020 | |
| All motions under MRCP 12, 19, and 20 | 05/18/2020 | 06/15/2020 | 07/15/2020 |
| All motions under MRCP 15 | 05/18/2020 | 06/15/2020 | 07/15/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 11/12/2020 | | |
| All motions under MRCP 56 | 12/14/2020 | 01/11/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/11/2021 |
| Case shall be resolved and judgment shall issue by | | | 01/17/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 01/17/2020 | ASSISTANT CLERK Gail Dempsey | | PHONE (508)831-2364 |
|---|---|---|---|

Date/Time Printed: 01-17-2020 14:35:23

Exhibit 1   SCV026\ 08/2018